JOSEPH S. HALL in equity *vs.* JOHN GARDNER and others.

Penobscot. Opinion June 4, 1880.

*Mortgage — redemption of. Costs.*

Where by the contract between the parties, the mortgager was to pay the mortgagees, interest after December 1, 1874, on all sums due and unpaid at that date, and the mortgagees credited on the mortgage debt, September 5, 1874, the amount for which they had that day sold certain logs by virtue of the contract, for which they were paid partly in cash and partly in time notes, that had added to them the amount of the interest on each, for the time they severally had to run; *Held*, that the mortgagees were not required to account for, and credit upon the mortgage debt, the interest thus added to the notes, or any part of it.

When mortgagees, upon a request in writing from the mortgager, for an account in writing of the amount due on the mortgage, render an account, which is imperfect and inaccurate, they will be liable to costs on bill in equity to redeem, if the mortgage is redeemed within the time named in the decree of the court.

BILL IN EQUITY to redeem a mortgage.

The facts sufficiently appear in the opinion.

*John Varney*, for the plaintiff.

*Wilson & Woodward*, for the defendants.

APPLETON, C. J. This is a bill in equity to redeem a mortgage given to secure two notes of hand and a contract for advances by the mortgagees for supplies to be by them furnished to the complainant in a lumbering operation.

The case comes before us on exceptions to the master's report.

By the contract between the parties secured by the mortgage, and bearing date October 23, 1873, the complainant was to allow a commission of ten per cent. on all advances, and to pay interest at the rate of ten per cent. after December 1, 1874, "on all sums due and unpaid at that date."

The mortgagees sold the logs on September 5, 1874, for $8,377.33, and credited the complainant with that sum as of that date, but they gave the purchaser time on part, receiving interest for the time payment was extended. The master did not allow the complainant for the interest paid by the purchaser for the delay given him on payment. We think the ruling of the master correct. If the defendants chose to give the purchaser delay, it was a matter between them and the purchaser, and they are entitled to interest for the delay, and not the complainant.

The respondents were requested in writing to render an account of the amount due on the mortgage. One of them rendered no account whatever,—the other an imperfect and inaccurate one. The complainant is entitled to recover cost in case the mortgage is redeemed—otherwise not.

The bill is to be dismissed unless within sixty days from the entry of the decree, in this case the plaintiff pays to the defendants the sum of $3,785.97, found due by the master December 10, 1879, with interest thereon from said date to the time of payment, less the plaintiff's taxable bill of costs—otherwise said mortgage to stand forever foreclosed.

WALTON, VIRGIN, PETERS and SYMONDS, JJ., concurred.